### J. B. FISCHER v. STATE.

No. A-4207.    Opinion Filed Aug. 4, 1923.
(217 Pac. 227.)

(Syllabus.)

**Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Possession.** Evidence examined and held sufficient to sustain the verdict and judgment, and that defendant had a fair and impartial trial.

Appeal from County Court, Stephens County; G. T. Burrows, Judge.

J. B. Fischer was convicted of unlawful possession of intoxicating liquor, and he appeals. Affirmed.

Wilkinson & Saye, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Stephens county, wherein on the 13th day of December, 1921, plaintiff in error was convicted of the crime of unlawful possession of intoxicating liquor and punishment assessed at a fine of $200 and imprisonment in the county jail for a period of 60 days.

The sole question relied upon to reverse the judgment is that the evidence is insufficient to sustain the conviction. The facts are substantially as follows: Fischer lived on a farm about 5 miles east of the city of Duncan in Stephens county.

On or about the 6th day of September, 1921, E. H. Rhyne, sheriff of Stephens county, together with one Gossett, chief of police of the city of Duncan, and Mr. Brown and Mr. Cleveland searched the premises of the defendant and found thereon 4 half-gallon fruit jars full of whisky. One of these jars was found buried in the ground in the cowshed about 50 yards from defendant's house and three others under some corncobs in the hogpen adjoining the cowshed. Defendant was present at the time the search was made, and during the time the officers were on the premises some automobiles drove out to the defendant's house on the road from Duncan and turned around and went back. The defendant testified that he had control of part of the barn or shed where some of the liquor was found, and that Nat Green, his brother-in-law, had control of part of it; that he (defendant) had no knowledge that the whisky was buried where the officers found it until afterwards, when he learned from one Tim Starr, who worked for Nat Green, that Nat Green had put the whisky out there, and on cross-examination the defendant testified that he did not tell the officers that Nat Green had anything to do with the premises nor did he later tell them he had learned from Starr that Green had put the whisky on the premises, and it also further developed that at the time of the trial both Green and Starr had left Stephens county.

The trial court fully covered the law of the case in the instructions, and no complaint is made of any instruction given. The jury was told that the defendant could not be convicted merely because intoxicating liquor was found upon his premises, but that the burden was upon the state, not only to prove possession in the defendant, but in addition to prove that the defendant intended to violate the prohibitory liquor laws of the state of Oklahoma by selling, bartering, giving away, and otherwise furnishing such liquor to other persons, and further

that the defendant could not be convicted on circumstantial evidence unless the circumstances were such as to exclude every other reasonable hypothesis than that of the guilt of the defendant.

We deem the evidence sufficient to sustain the conviction. The whisky was found on premises occupied and controlled by the defendant at the time, and the amount possessed was such as to raise a presumption that the same was intended to be used in violation of law. The circumstances that the whisky was buried, that the defendant did not notify the officers that Green had anything to do with the premises at the time the search was made, and the further fact that the defendant waited until Green and Starr had left Stephens county before notifying the officers that they had anything to do with the premises where the liquor was found, are circumstances indicating a fabricated defense, and these circumstances, taken into consideration with the amount of liquor possessed and the circumstances under which it was found, are sufficient to sustain the judgment.

For reasons stated the judgment is affirmed.